697 So.2d 355 (1997)
Murray PITRE
v.
Clifton J. DUFRENE, Total Marine Services, Inc. and XYZ Insurance Company.
No. 97-CA-38.
Court of Appeal of Louisiana, Fifth Circuit.
June 30, 1997.
Richard A. Tonry, Michael C. Ginart, Jr., Kim Cooper Jones, Chalmette, for plaintiff-appellant.
Robert E. Couhig, Jr., A. Kirk Gasperecz, Margaret M. Joffe, New Orleans, for defendant-appellee.
Before GAUDIN, GRISBAUM and WICKER, JJ.
GAUDIN, Judge.
This is an appeal from a judgment of the 24th Judicial District Court which summarily dismissed one of the named defendants, Grove North America, Division of Kidde Industries, Inc. We affirm.
In 1980, Grove manufactured a heavy crane, called a cherry picker. When this particular unit left the factory in July of that year, it was equipped with a fully functioning audio backup alarm. There is nothing in this record suggesting that the backup alarm was then defective or unreasonably dangerous.
Ten years later, however, on August 8, 1990, the backup alarm was not working when the crane, in reverse, ran over Murray Pitre, causing severe injuries. Pitre originally sued Total Marine Services and the crane operator, Clifton Dufrene, on May 17, 1991. A supplemental and amended petition filed on August 2, 1994 named Grove as an additional defendant. Grove's motion for summary *356 judgment was granted on September 9, 1996.
The crane on August 8, 1990 was owned by Head & Engquist Equipment, Inc. and had been leased to Total Marine Services on July 30, 1990. When Head delivered the crane to Total Marine Services, the backup alarm was operational according to an admission by Head. Total Marine has not denied this.
At the time of Pitre's accident, he knew the backup alarm was not functioning yet he were working with his back to the crane. Also, two safety men who should have been present when the crane was moved were not in place.
Although Pitre may have valid claims against others, the trial judge correctly found, from the pleadings, etc., that there was neither genuine issues of material fact nor any triable issues involving Grove. Accordingly, summary judgment dismissing this defendant was appropriate.
Pitre's pleadings generally contend that the crane was defective. He alleged the following negligent acts by Grove:
(1) "Manufacturing for retail heavy equipment, namely, the Grove Model RT58B Crane which was defective and a inherent danger to persons having occasion to use;
(2) "Making available a product in commerce which was unfit for its intended use;
(3) "That defendant knew or should have known that Grove Model RT58B Crane was defectively manufactured;
(4) "That defendant knew or should have known that the Grove Model RT58B was defective and failed to notify the public;
(5) "Any other acts of negligence which will be shown at the trial of this matter and upon further discovery."
Grove presented a prima facie case showing that there were no defects in 1980 and none apparently on July 30, 1990. Among the items in evidence are Grove's safety manual and its operator's and safety handbook showing, with text and vivid photographs, the inherent dangers of crane usage. The burden then shifted to Pitre to come up with a more precise allegation regarding design, performance or the lack of adequate warnings. Pitre did not carry this burden. While the record shows that between July 30, 1990 and the date of the accident, something presumably happened to the backup alarm causing it not to beep, such failure can't be assigned to the 1980 manufacturer by panoramic, unspecified allegations. Louisiana pleading law requires more, as the trial judge accurately ruled in granting summary judgment.
AFFIRMED.