726 So.2d 81 (1998)
Murray PITRE
v.
Clifton J. DUFRENE, et al.
No. 98-CA-570.
Court of Appeal of Louisiana, Fifth Circuit.
December 29, 1998.
*82 Charles A. Boggs, Anne E. Medo, New Orleans, Louisiana, for Defendant/Appellant, Head & Engquist Company Equipment, Inc.
Richard A. Tonry, Michael C. Ginart, Jr., Chalmette, Louisiana, for Plaintiff/Appellee.
Before Judges JAMES L. CANNELLA, THOMAS F. DALEY and SUSAN M. CHEHARDY.
DALEY, Judge.
This is an appeal by Head and Engquist Equipment, Inc. from a judgment dismissing their third party demand and cross-claim filed against Clifton Dufrene and Total Marine Services of Jefferson, Inc. For the reasons that follow, we reverse.
The plaintiff, Murray Pitre, was injured when he was rolled over by a crane. Mr. Pitre filed suit against the driver of the crane, Clifton Dufrene, and his employer, Total Marine Services of Jefferson, Inc. (Total Marine). He later amended his petition to include the manufacturer of the crane, Grove North America,[1] (Grove), and the owner *83 of the crane, who leased the crane to Total Marine, Head & Engquist Equipment, Inc. (H & E). Mr. Pitre was also employed by Total Marine at the time of this accident and Employers National Insurance Company, Total Marine's worker's compensation insurer, intervened in the suit.
Following their settlement with plaintiff, Total Marine, Dufrene, and Employers National were dismissed from the suit. Employers National's intervention was also dismissed. H & E filed a cross-claim and third-party demand naming Dufrene and Total Marine as cross-claim defendants, and Employers Casualty Company, the liability insurer for Total Marine[2], as a third party defendant. Pitre filed an Exception of No Right and/or Cause of Action to the cross-claim.
After a hearing, the trial court granted the plaintiff's Exception of No Right and/or Cause of Action. H & E appealed to this court, which held that Pitre had no standing to urge this exception and remanded this matter. Pitre v. Dufrene, 97,1027 (La.App. 5 th Cir.1/27/98) 708 So.2d 1085.
Pitre then filed a Petition for Intervention in the cross-claim and third party demand. After H & E answered the intervention, Pitre once again filed an Exception of No Right and/or Cause of Action. Once again the trial court granted the exception. It is from this judgment H & E appeals.
In rendering judgment on these exceptions, the trial court treated the plaintiff/intervenor's Exception of No Right/Cause of Action as one exception. However, the Exception of No Cause of Action is separate and distinct from the Exception of No Right of Action, and each serves a particular purpose with different procedural rules. Ferguson v. Dirks, 95-560 (La.App. 5 th Cir. 11/28/95), 665 So.2d 585. Accordingly, we will review the defendant's exceptions separately, as an Exception of No Cause of Action and an Exception of No Right of Action.
The Exception of No Cause of Action asks "whether the law extends a remedy to anyone under the factual allegations of the petition." Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm'n, 94-2015 (La.11/30/94), 646 So.2d 885, 888 n. 3. The Exception of No Right of Action questions "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." Zar v. Gaudet 94-533 (La. Appl 5 th Cir. 12/14/94), 648 So.2d 1012, 1013. Additionally, the introduction of evidence is not permitted to support or controvert an Exception of No Cause of Action, while evidence is permitted to support or controvert an Exception of No Right of Action. La. C.C.P. art. 931.
In an Exception of No Cause of Action, the legal sufficiency of the petition is tested. In this exception, the question to be answered is "whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief." City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-069 (La.7/5/94), 640 So.2d 237, 253. This exception is reviewed solely on the face of the petition, and all well-pleaded facts are accepted as true. Haspel & Davis Mill & Planting Co. Ltd. v. Board of Levee Com'rs of Orleans Levee Dist. 95-233 (La.App. 4 th Cir. 9/4/96), 680 So.2d 159. Appellate review of the Exception of No Cause of Action is conducted de novo. Id.
In their petition, H & E allege that Dufrene, Total Marine, and Employers Casualty are solidary liable for the "accident which is the subject of this litigation [and] was caused by the total fault and negligence of defendants in cross-claim." H & E further alleges that they are "entitled to a judgment of full indemnity as a result of these acts of negligence and, further, as a result of the agreement between Head & Engquist Equipment, Inc. and Total Marine Services, *84 Inc.," citing the indemnity clause, which provides:
Lessee (Total Marine Services of Jefferson, Inc.) Agrees to hold owner (Head and Engquist Inc.) harmless for any responsibility whatsoever for damages to any person whomsoever or to the property of LESSEE or other arising from the conditions or upkeep and maintenance of the premises and LESSEE expressly releases OWNER of any and all liability for injuries, or damages, caused by any vice or defect in the machinery, and to anyone on or near the premises. LESSEE expressly assumes all such liability, agrees to indemnify OWNER and to hold OWNER harmless from any damages (including reasonable attorney's fees) for injuries to any person or persons whomsoever, or to the property of any persons whomsoever arising out of the use, condition, or state of repair of the machinery.
In the main demand, Pitre alleges that the "back up beeper" on the crane was not working at the time of the accident and that H & E was liable for leasing faulty equipment and failing to properly maintain their equipment. In the cross-claim, H & E alleges that pursuant to the lease agreement, Total Marine must indemnify H & E for injuries sustained by Pitre as a result of this accident. We find H & E states a cause of action on the face of this petition and that the trial court erred in granting the Exception of No Cause of Action.
As to the no right of action, H & E has been named as a defendant in an action resulting from the lease of a crane owned by H & E to Total Marine. Thus, H & E has a real and actual interest in the cross-claim and third party demand, which defeats Pitre's Exception of No Right of Action.
In summary, we express no opinion as to the merits of the cross-claim and third party demand. Rather, we hold only that H & E has made sufficient allegations in the cross-claim and third party demand to state a cause of action and that H & E has a right of action because they have an interest in the cross-claim and third party demand. Accordingly, the judgment appealed from is reversed and this case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] The granting of summary judgment in favor of Grove was affirmed by this court. Pitre v. Dufrene, 97,038 (La.App. 5th Cir. 6/30/97), 697 So.2d 355.
[2] The judgment rendered by the trial court is silent as to Employers Casualty Company. We also note that H & E amended the cross-claim substituting Lafayette Insurance Company in place of Employers Casualty. Lafayette then filed an exception of no cause of action, claiming they have no coverage whatsoever for Total Marine. There is no indication in the record that the court has ruled on this motion.