738 So.2d 128 (1999)
NATIONAL GYPSUM COMPANY
v.
ACE WHOLESALE, INC.
No. 98-CA-1196.
Court of Appeal of Louisiana, Fifth Circuit.
June 1, 1999.
W. Brent Hicks, Wayne M. Babovich, Bradley J. Chauvin, Law Offices of Babovich and Spedale, Metairie, Louisiana, Attorneys for Defendant-Appellant Ace Wholesale, Inc.
David Stone, Robert E. Harrington, Stone, Pigman, Walther, Wittmann & Hutchinson, L.L.P., New Orleans, Louisiana, Attorneys for Plaintiff-Appellee National Gypsum Company.
*129 Court composed of Judges SOL GOTHARD, THOMAS F. DALEY and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
This matter returns to us after remand following a previous appeal. Before us now is the question whether the trial court erred in dismissing defendant's reconventional demand making claims under the Louisiana Unfair Trade Practices and Consumer Protection Law. We affirm in part, reverse in part, and remand.
National Gypsum Company sued Ace Wholesale, Inc. on open account for unpaid invoices in the amount of $208,742.14. National Gypsum is a building material supplier and Ace is a local distributor of National Gypsum products. Ace filed a reconventional demand, alleging that National Gypsum entered into a series of agreements with Ace "whereby National agreed to provide materials to Ace and Ace agreed to market the various products manufactured or produced by National." The reconventional demand further alleged that "National agreed to provide materials to Ace at certain prices and in certain quantities ... at a price comparable to that charged other companies receiving like quantities of materials," but that National breached its agreements with Ace in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law (La. R.S. 51:1401 et seq., hereafter UTPCPL) by "discriminating among buyers at the same functional level"; "attempting to divert customers of Ace to other distributors of National"; making it "impossible for Ace to obtain materials necessary to do business"; "unjustifiably" inducing third parties not to enter into contracts with Ace; granting credit to Ace but subsequently refusing to do further business, making it "impossible for Ace to meet its obligations to National and to obtain credit otherwise."
National Gypsum filed a motion for summary judgment on both its main demand and on Ace's reconventional demand, as well as exceptions of no right of action, no cause of action, and res judicata as to the reconventional demand. The trial court granted summary judgment on the main demand and maintained the exceptions to the reconventional demand. Judgment was rendered in favor of National Gypsum and Ace's claims were dismissed.
On appeal this Court upheld the summary judgment on the open account claim, but reversed the judgments dismissing Ace's reconventional demand and remanded for further proceedings. National Gypsum Company v. Ace Wholesale, Inc., 96-215 (La.App. 5 Cir. 11/26/96), 685 So.2d 306, writ denied, 96-3055 (La.2/7/97), 688 So.2d 502.
After remand National Gypsum again filed exceptions of no right of action or no cause of action to the reconventional demand. Plaintiff alleged that Ace is neither a business competitor of National Gypsum nor a consumer and, therefore, is not within the class to which the UTPCPL provides a remedy. The trial court maintained the exception of no right of action and dismissed Ace's entire reconventional demand with prejudice. Ace appeals.
On appeal Ace asserts the trial court erred in the following respects: in finding that Ace had no right of action for violation of the UTPCPL; in dismissing Ace's entire reconventional demand, rather than only its claims for violation of the UTPCPL; and in failing to grant Ace leave to amend the petition in reconvention.
The trial judge found that Ace had no right of action because "only a `consumer' or a `business competitor' may assert a claim under the LUTPCPA." She found that "Ace, a former distributor of National Gypsum, is not a member of the class of persons entitled to sue under [the statute]." She noted that Ace did not suggest it was either a consumer or a business competitor of National Gypsum.
La. R.S. 51:1405(A) provides, "Unfair methods of competition and unfair or deceptive *130 acts or practices in the conduct of any trade or commerce are hereby declared unlawful."
Although the state attorney general is charged with investigating complaints and instituting prosecutions for violations of the UTPCPL, La. R.S. 51:1409 permits private actions as follows, in pertinent part:
A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.
We have previously held that this La. R.S. 51:1409 is "apparently penal in nature and subject to reasonably strict construction." Morris v. Rental Tools, Inc., 435 So.2d 528, 532 (La.App. 5 Cir.1983).
This personal right of action has been held to apply only to direct consumers or to business competitors. See, e.g., Gil v. Metal Service Corp., 412 So.2d 706 (La. App. 4 Cir.1982), writ denied 414 So.2d 379 (La.1982); National Oil Service of La. v. Brown, 381 So.2d 1269 (La.App. 4th Cir. 1980). Ace contends it fits within the class of persons who have standing under the UTPCPL because "[b]y definition, a distributor has the potential to compete with the supplier by simply obtaining a different supplier of the same or similar products."
We disagree. Although Ace may have a right of action for breach of its contracts with National, we find it is not within the class of persons to which the UTPCPL was intended to apply. Accordingly, the trial court did not err in finding that Ace has no right of action under La. R.S. 51:1401 et seq.
We acknowledge that some cases have given the statute a broader reading-see, e.g., Capitol House Preservation Co. v. Perryman Consultants, Inc., 98-1514 (La. App. 1 Cir. 12/10/98), 725 So.2d 523, and cases cited therein-we do not believe the UTPCPL was intended to apply to such a broad scope of action.
On the other hand, we find the trial court erred in dismissing the reconventional demand completely. The allegations, although couched in conjunction with claims under the UTPCPL, may be sufficient to assert a right of action and cause of action in Ace for breach of contract and other claims. Accordingly, the court should not have dismissed the demand.
National asserts that because Ace argued only the UTPCPL in the trial court, it should not be allowed to assert a cause of action under any other theory of law which it first raised on appeal. In Louisiana, however, we are subject to factpleading rather than theory pleading and the court is bound to construe allegations of fact under any theory of law that entitles the pleader to relief:
Our code of civil procedure sets forth a system of fact pleading. Articles 854, 891, 1003, 1004. So long as the facts constituting the claim or defense are alleged or proved, the party may be granted any relief to which he is entitled under the fact-pleadings and evidence; the `theory of the case' is abolished as a pleading requirement or restriction.
Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848, 855 (La.1974).
We note, however, that some of the allegations are conclusions of law rather than fact statements. They are, thus, improper to state causes of action. Under La. C.C.P. Art. 934, however, "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment." Therefore, we remand to permit Ace to amend its reconventional demand accordingly.
For the foregoing reasons, the judgment of the district court is affirmed insofar as *131 it found that Ace Wholesale, Inc. does not have a right of action under La. R.S. 51:1401, et seq. The judgment is reversed, however, insofar as it dismissed the reconventional demand completely. The case is remanded for further proceedings in accordance with this opinion. Each party is assessed its own costs for this appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.