791 So.2d 709 (2001)
CAJUN CONCRETE SERVICES, INC., and National Loss Control Management, Inc.
v.
The LEMOINE COMPANY, INC.
No. 2000 CA 0227.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
Writ Denied May 4, 2001.
*710 John J. Rabalais, Janice B. Unland, Robert T. Lorio, Rusty J. Savoie, Covington, Counsel for Plaintiffs/Appellants, Cajun Concrete Services, Inc., and National Loss Control Management, Inc.
John W. Perry, Jr., Daniel J. Balhoff, Baton Rouge, Counsel for Defendant/Appellee, The Lemoine Company, Inc.
Before: GONZALES, FOGG and PETTIGREW, JJ.
GONZALES, Judge.
In this case, an employer/subcontractor and the administrator of its workers' compensation self insurance filed suit against the contractor for whom the subcontractor was performing work. The plaintiffs sought recovery of medical and workers' compensation payments made to employees of the subcontractor who were allegedly injured on the job site. The trial court granted a motion for summary judgment filed by the contractor and dismissed the plaintiffs' suit.

FACTUAL AND PROCEDURAL BACKGROUND
On November 19, 1998, The Lemoine Company Incorporated (Lemoine) entered into a contract with Woman's Hospital of Baton Rouge (Woman's Hospital) for the construction of a parking garage expansion. On February 12, 1999, Lemoine entered into a subcontract with Cajun Concrete Services (Cajun) to perform a portion of the work required to complete the parking garage expansion. It is alleged that three of Cajun's employees were injured on June 2, 1999, while working at the Woman's Hospital job site. According to the petition, while these employees were performing concrete pumping, placing, and finishing on a parking garage deck beam assembled by Lemoine, the deck collapsed without warning and caused injuries to the employees.
On August 12, 1999, Cajun and the third party administrator of its workers' compensation self insurance fund, National Loss Control Management, Inc. (National), filed suit against Lemoine, seeking recovery for workers' compensation benefits and medical payments the plaintiffs had paid and were continuing to pay to the three injured employees. The plaintiffs alleged Lemoine was liable for the payments, because the accident that caused the Cajun employees' injuries was due to Lemoine's negligence.[1]
*711 On October 6, 1999, Lemoine filed a motion for summary judgment, claiming it was not liable to the plaintiffs for any payments they made to the injured employees. A hearing on the motion was held on December 13, 1999, and, on December 21, 1999, the trial court signed a judgment, granting Lemoine's motion for summary judgment and dismissing Lemoine from the case.
The plaintiffs appeal from this adverse judgment.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). On appeal, summary judgments are reviewed de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Naquin v. Louisiana Power & Light Company, 98-2270 (La.App. 1 Cir. 3/31/00), 768 So.2d 605, 607, writ denied, XXXX-XXXX (La.9/15/00), 769 So.2d 546.
The trial court did not err in granting summary judgment in this case. The subcontract between Lemoine and Cajun contained an indemnity clause whereby Cajun was obligated to indemnify Lemoine for claims attributable to bodily injury arising out of, resulting from, or occurring in connection with the performance of Cajun's work, except when the injury was caused by the sole negligence of Lemoine.[2] Had the injured Cajun employees filed suit against Lemoine for damages, and had Lemoine then sought indemnification from Cajun for any amounts it paid to the Cajun employees, Cajun could have attempted to urge the "sole negligence" exception as a defense to the indemnity obligation it owed to Lemoine. However, the instant suit does not involve a claim by Lemoine for indemnity against Cajun. Rather, the plaintiffs are relying on the "sole negligence" exception to Cajun's indemnity obligation to somehow create a *712 cause of action in their favor against Lemoine. Although Cajun could have included a clause in the subcontract requiring Lemoine to indemnify Cajun for claims attributable to Lemoine's negligence, the subcontract, as executed, does not so provide.
The plaintiffs also argue they have a breach of contract claim against Lemoine because Lemoine breached its duty to "prep, fine grade, form, termite treat, install joints and reinforcing at all areas to receive concrete" as set forth in the subcontract. However, this referenced duty of Lemoine was merely a replication of the overall duty Lemoine owed to Woman's Hospital to construct the parking garage. A breach of this duty would give Woman's Hospital a cause of action against Lemoine but does not give such a right to the plaintiffs.
The plaintiffs alternatively argue their cause of action against Lemoine lies in tort and is not based on indemnity principles or Lemoine's status as the principal contractor. Although the plaintiffs cite La. C.C. art. 2315, which provides the statutory basis for a tort claim, the plaintiffs do not identify the tort that would allow their recovery against Lemoine under the circumstances of this case. Plaintiffs cite no cases to support their claim.
There may be circumstances whereby a person is entitled to recovery for economic harm he has suffered as a result of injury to third parties. However, the circumstances must meet the tests set forth in PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984) and in Professional Answering Service, Inc. v. Central Louisiana Electric Company, Inc., 521 So.2d 549 (La.App. 1 Cir.1988) and must fully comport with the duty-risk analysis. Plaintiffs have not shown how their claim differs from that rejected in the PPG Industries, Inc. and Professional Answering Service, Inc. cases. See also Cleco Corporation v. Johnson, 99-0808 (La.App. 1 Cir. 12/22/00), 775 So.2d 1228.

DECREE
For the foregoing reasons, we find the plaintiffs have no claim against Lemoine under a breach of contract theory or under a negligence theory. The judgment of the trial court, granting Lemoine's motion for summary judgment, is AFFIRMED. Costs of the appeal are assessed to Cajun and National.
NOTES
[1] In the petition, the plaintiffs alleged a cause of action in negligence. However, in their opposition to Lemoine's motion for summary judgment and on appeal, the plaintiffs argue Lemoine is liable to them as a result of breach of contract and negligence. The record contains no reasons for the trial court's judgment, granting Lemoine's motion for summary judgment; however, we assume that, in granting the motion, the trial court intended to dismiss the plaintiffs' claims on both theories. See Gautro v. Fidelity Fire and Casualty Insurance Company, 623 So.2d 106, 107 n. 2 (La.App. 1 Cir.), writ denied, 629 So.2d 413 (La.1993).
[2] The indemnification provision of the subcontract provides, in part:

17. INDEMNIFICATION. To the fullest extent permitted by law, Subcontractor agrees to defend, indemnify and save harmless Contractor ... from and against any claim, cost, expense, or liability ... attributable to ... bodily injury, sickness, disease or death, ... caused by, arising out of, resulting from, or occurring in connection with the performance of Subcontractor's Work ... whether or not caused in part by the active or passive negligence or other fault of a party indemnified under this paragraph; provided, however, Subcontractor's duty under this paragraph shall not arise if such injury, sickness, disease, [or] death ... is caused by the sole negligence of a party indemnified under this paragraph.
Lemoine would have been statutorily entitled to this right of indemnification even absent the contractual provision. See La. R.S. 23:1061(B).