806 So.2d 710 (2001)
KEY WEST END, INC.
v.
George WERNER and Werner Enterprises, Inc.
No. 01-CA-861.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 2001.
*711 Michael A. Britt, Kenner, LA, Counsel for plaintiff-appellant.
William J. Dutel, Richard R. Schulze, Metairie, LA, Counsel for defendant-appellee.
Court composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
Plaintiff, Key West End, appeals the judgment of the trial court sustaining Pontchartrain Plaza's exceptions of no cause of action and no right of action. Because we find that Key West End has stated a cause of action against Pontchartrain Plaza, the judgment granting Pontchartrain Plaza's exception of no cause of action is hereby reversed. The judgment granting the exception of no right of action is affirmed.

STATEMENT OF THE CASE
Key West End is a Louisiana Corporation formed in 1995 to construct and operate a restaurant located on the bank of Lake Pontchartrain at 1930 West End Park. Werner Enterprises originally acquired the subject property through a lease of the water bottom with the State of Louisiana. Werner entered into a contract of lease with Key West End on September 8, 1995. Werner and Key West End terminated their lease on June 24, 1996. Subsequently, Werner transferred all its interests in the property to co-Defendant, Pontchartrain Plaza.
On September 22, 1998, Key West End filed a petition for damages and injunctive relief,[1] alleging that Defendant, Werner Inc. breached the contract of lease that the parties entered into in 1995. For a three-month period beginning in March of 1996, Key West End actually operated a restaurant on the property. However, on June 10, 1996, Key West End notified its employees that it was filing for bankruptcy. Key West End never filed for bankruptcy, but it closed the business in June of 1996. After notifying Werner, both parties mutually terminated the lease.
*712 As stated above, Werner entered into a contract with the newly formed Pontchartrain Plaza whereby it transferred all of its assets, immovable and movable, to Pontchartrain Plaza. Subsequently, Key West End filed an amended petition adding Pontchartrain Plaza as a Defendant in the case. Pontchartrain Plaza was never a party to any contracts between Key West End and Werner. In the amended petition, Key West End alleged that the movable property located at the site that Pontchartrain Plaza now owned, still belonged to them.
Pontchartrain Plaza filed exceptions of no right of action and no cause of action against Key West End. The trial court sustained both exceptions and dismissed Pontchartrain Plaza from the lawsuit. From this judgment, Key West End appealed.

Exception of No Cause of Action
In its original petition for damages,[2] Key West End claims that certain equipment in the form of movable property and improvements, was installed or located on the premises and never retrieved by Key West representatives when the lease with Werner was terminated. In fact, Key West End specifically alleges that Werner Enterprises prevented representatives of Key West End from removing the equipment from the property. The movables/improvements include:
1) Walk-in cooler/refrigeration unit-estimated cost of $6,000.00
2) Hood system for a stove-estimated cost of $6,000.00
3) Stainless steel sinks & preparation tables
4) Food warmers and other equipment
Once Werner transferred its interests in the property to Pontchartrain Plaza, Pontchartrain Plaza was put in possession of these items. Therefore, according to Key West End, Werner and Pontchartrain Plaza have retained possession of these items and have been unjustly enriched.
In the Second Supplemental and Amended Petition, Key West End alleges in Paragraph 15 that:
Plaintiff was and is also the owner of certain movable property and equipment which was located on or installed in or about the premises ....which equipment, upon information and belief, remains on the premises and in the possession and control of George Werner and or Werner Enterprises, Inc. and/or now is or may be or will be in the possession of defendant Pontchartrain Plaza, LLC.
In Paragraph 16, Key West End further alleges that "it is the owner of the improvements on the premises at 1930 West End and the owner of the movable property described more fully in the preceding paragraph." On appeal, Key West End argues that it has stated a cause of action because it has asserted its right to ownership of certain improvements and movable property and is seeking recovery thereof or their value.
The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the plaintiff is afforded a remedy in law based on the facts alleged in the pleading. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). A peremptory exception of no *713 cause of action should be granted only if the well-pled allegations of fact in the petition clearly show that there is no remedy under any theory of law. Morgan v. ABC Manufacturer, 93-701 (La.App. 5 Cir. 3/16/94), 637 So.2d 1076. In deciding the exception, the court must accept the well-pleaded allegations of fact as true. Dufour v. Westlawn Cemeteries, Inc., 94-81 (La.App. 5 Cir. 6/28/94), 639 So.2d 843. All facts pled in the petition are accepted as true without any reference to extraneous evidence, and all doubts are resolved in favor of the sufficiency of the petition. La.C.C.P. art. 931; Morgan v. ABC Manufacturer, 637 So.2d at 1078.
Whether Key West End is indeed the owner is not before this Court. Whether the improvements and movables are permanently attached and component parts is also not before the court. It may be determined by the trial court that Key West End is no longer the owner of the movables and improvements. However, these are factual issues to be resolved during discovery or a trial on the merits. Furthermore, the issues raised by Pontchartrain Plaza concerning the innocent third party purchaser doctrine and lack of recordation of any interest in the property, are issues that can be raised as defenses at trial. Nevertheless, these defenses are beyond the face of the petition and are not sufficient to sustain an exception of no cause of action when the plaintiff has properly alleged a cause of action on the face of the petition. See, La. C.C.P. art. 931.
If Key West End's allegations lack merit, then Pontchartrain Plaza would certainly be able to file a motion for summary judgment. However, on the face of the petition, Key West End has asserted a cause of action against both Werner Enterprises and Pontchartrain Plaza. Key West End has alleged that it does own movables and improvements still located on the property. This is an allegation in the petition that we must accept as true. Considering all of the above, we reverse the judgment of the trial court granting the exception of no cause of action.

Exception of No Right of Action
The function of an exception of no right of action is to determine whether a plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(A)(5). In considering an exception of no right of action, the court must determine whether the plaintiff belongs to the particular class of persons to whom the law grants a remedy, not whether the plaintiff actually will recover. Gustin v. Shows, 377 So.2d 1325 (La.App. 1 Cir.1979). Also, in deciding the exception of no right of action, the allegations of fact in the plaintiff's petition must be taken as true in the absence of evidence to the contrary. Invest Incorporated v. State of Louisiana, 247 So.2d 175 (La.App. 1 Cir.1971).
Pontchartrain Plaza introduced into evidence a certificate from the Secretary of State which shows that Key West End's corporate charter was revoked at the time of the hearing on the exceptions. According to Pontchartrain Plaza, the corporation has no right of action to pursue its claim when it ceases to exist as a legal entity. We agree. However, since that time, Key West End's corporate charter has been reinstated. Pursuant to La. R.S. 12:163(E)(2), reinstatement of a corporate charter is retroactive to the date of revocation. Therefore, Key West End does have the capacity to bring this suit as its reinstatement dates back to the time of the hearing on the exception of no right of action.
Pontchartrain Plaza's second ground for the exception of no right of action holds more merit. Pontchartrain Plaza argues that the individual that instituted *714 the suit was not authorized to sue on behalf of the corporation. David H. Scheuermann, Jr., signed the affidavit of verification in the petition. However, Ruth Scheuermann is listed as the incorporator, sole shareholder, director and president of Key West End. Pontchartrain Plaza asserts that David Scheuermann, Jr., was only an employee of Key West End and has no right of action to sue on behalf of Key West End.
Key West End responds that David Scheuermann, Jr., was more than a mere employee. In support of this, Key West End introduced into the record a counterletter from Ruth Scheuermann to David Scheuermann, Jr., which acknowledges that her ownership interest in Key West End is in reality the property of David Scheuermann, Jr. However, this counterletter was never recorded and is not effective toward third parties in good faith. La. Civ.Code art. 2028.
Under La. R.S. 12:82(G), only registered officers of a corporation may sue in the name of the corporation. Unless provided otherwise in the articles, bylaws or resolution of the board, the president, vice president or manager of a corporation has the authority in the name of a corporation to prosecute or defend lawsuits. Id. The name and municipal addresses of all corporate officers must be listed in the corporation's annual report. La. R.S. 12:102(A)(3). Except the unrecorded counterletter mentioned above, there is nothing in the record that shows that David Scheuermann, Jr., was a director or officer of Key West End. The right to sue in the corporation's name belongs to the proper corporate representative. If the corporation refuses to sue, a shareholder may certainly initiate a shareholder's derivative suit. In this case, we see no error in the trial court's judgment granting Pontchartrain Plaza's exception of no right of action. Accordingly, the judgment granting the exception of no cause of action is reversed. The judgment granting the exception of no right of action is affirmed.
AFFIRMED IN PART, REVERSED IN PART
NOTES
[1] Key West End voluntarily dismissed its claim for injunctive relief.
[2] Key West End's original petition for damages named only Werner Enterprises as a Defendant. The First Amended Petition added Pontchartrain Corporation. Key West End's Second Amended Petition corrected the error in Pontchartrain Plaza's title by naming Pontchartrain Plaza, L.L.C. as a Defendant.