845 So.2d 1189 (2003)
Dr. Jeffrey LEVINE & Richard and Sandra Carrara
v.
FIRST NATIONAL BANK OF COMMERCE.
No. 02-CA-1114.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2003.
*1190 Perry R. Staub, Jr., James R. Morton, Michael W. Hill, New Orleans, LA, for Appellant, Jeffrey S. Levine, M.D.
Steve Lemoine, New Orleans, LA, for Appellant, Richard and Sandra Carrara.
Alan D. Ezkovich, Lisa A. Valley, New Orleans, LA, for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and MARION F. EDWARDS.
MARION F. EDWARDS, Judge.
Appellants Richard and Sandra Carrara appeal a judgment of the district court sustaining their exception of no right of action and dismissing their claims with prejudice. We affirm.
This court in an earlier suit, in which we affirmed the trial court's grant of the injunction, summarized the underlying *1191 facts.[1]
On May 22, 1998, ... Jeffrey S. Levine, M.D. (hereafter Levine), filed a petition for damages and injunctive relief against defendant/appellant, First National Bank of Commerce (hereafter FNBC), in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. It was assigned case number 524-707, Division "I." Approximately one month earlier, FNBC filed a petition for executory process against Levine in the Twenty-Fourth Judicial District Court, which was assigned case number 523-052, Division "L."
In the earlier suit, FNBC, which holds the mortgage on a home owned by Levine in Jefferson Parish, sought to have the sheriff seize and sell the home, alleging that Levine breached the terms of the mortgage agreement by selling or transferring an interest in the secured property under a "bond for deed" contract. The Levine suit sought to enjoin the sheriff's sale of the home owned by Levine. The two matters were consolidated and proceeded to a hearing on July 13, 1998, regarding FNBC's exception of no cause of action and Levine's motion for preliminary injunction.
At the July 13, 1998 hearing, counsel for both parties stipulated that no facts were in dispute, and submitted the matter to the court based on the original mortgage between Levine and FNBC, the bond for deed contract between Levine and a third party (Sandra and Richard Carrara), the verified petition, and the arguments of counsel. During the hearing, the trial court orally ruled in favor of Levine. The trial court rendered a written judgment on July 17, 1998, denying FNBC's exception of no cause of action and ordering that a preliminary injunction issue, enjoining the sheriff from proceeding with the sale of the Levine property. FNBC timely appealed.
The following pertinent facts are gleaned from the documents submitted and the arguments of counsel at the July 13, 1998 hearing, and are not in dispute. Levine purchased the property at 2412 Avenue Mont Martre in Gretna, Louisiana, and executed a mortgage in favor of FNBC on July 31, 1996. Sometime in 1997, Levine decided to move to North Carolina. On August 1, 1997, Levine and the Carraras executed a "bond for deed," wherein Levine agreed to sell the property at 2412 Avenue Mont Martre to the Carraras "in the future; provided all of the terms, conditions, payments and obligations set forth herein are fully, completely and timely met by purchaser."
Within the bond for deed contract, an escrow agent was named and an escrow account was thereafter set up. The Carraras began making payments pursuant to the bond for deed contract to the escrow agent, which in turn, paid Levine's mortgage notes to FNBC's mortgage servicing company, Colonial Mortgage. Neither Colonial nor FNBC was notified of the bond for deed contract, and after a few months of accepting the escrow agent's payments on the Levine mortgage, Colonial objected to the bond for deed arrangement and refused *1192 to accept the Levine mortgage payments. FNBC thereafter instituted foreclosure proceedings on the property, asserting that the bond for deed contract violated a provision in the mortgage agreement known as the "due on sale clause."
We held that the bond for deed contract did not violate the provisions of the FNBC mortgage and did not provide a basis for FNBC to institute foreclosure proceedings. This writer dissented.
Subsequently, Bank One became the successor in interest to FNBC. After the above appeal, Dr. Levine and the Carraras filed a Supplemental and Amending Petition for damages. There, the Carraras averred that as a result of the negligent or intentionally tortious conduct of FNBC in initiating foreclosure proceedings, they suffered damages. They were obliged to hire an attorney, and having been told they would need to relocate, expended $1800 in lease fees. They also alleged damages in the form of mental and physical anguish. A second Supplemental and Amending Petition alleged a cause of action under the Louisiana Unfair Trade Practice and Consumer Protection Act.
Bank One filed an Exception of No Cause of Action, and alternatively for summary judgment, to the second amending petition. The exception was overruled and summary judgment was denied. This court denied writs taken by Bank One.[2]
Bank One then filed its Exception of No Right of Action. Following a hearing, the trial court granted the exception and dismissed the Carraras' cause of action, with prejudice. It is from this judgment that the Carraras appeal.
They argue that the court erred in holding that they could not state a cause of action against FNBC, that such ruling "distorts the logic underlying Article 2315 of the Louisiana Civil Code, ignores the plain and unambiguous language of the Louisiana Unfair Trade Practices Act, and reads a limitation into the wrongful foreclosure statutes ..."
The Exception of No Cause of Action is separate and distinct from the Exception of No Right of Action, and each serves a particular purpose with different procedural rules.[3] In an Exception of No Cause of Action, the legal sufficiency of the petition is tested. In that exception, the question to be answered is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief.[4] The Exception of No Right of Action questions whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged.[5]
The function of an exception of no right of action is to determine whether a plaintiff has a real and actual interest in the action. La. C.C.P. art. 927(A)(5). In considering an exception of no right of action, the court must determine whether the plaintiff belongs to the particular class of persons to whom the law grants a remedy, not whether the plaintiff actually will recover. Gustin v. *1193 Shows, 377 So.2d 1325 (La.App. 1 Cir. 1979).[6]
Relative to the action by the Carraras under the Louisiana Unfair Trade Practices and Consumer Protection Act, La. 51:1401 et seq., the appellants refer us to R.S. 51:1409, which states that any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. The Carrraras assert that these actions are not limited to business competitors or direct consumers.[7]
In construing the Louisiana Unfair Trade Practices Act, and in particular R.S. 51:1409, this court has previously found that an action therein is a personal right of action applying only to direct consumers or to business competitors.[8] The Carraras exhort us to ignore our earlier opinion on this matter as being without analytical foundation, and we are urged to follow another line of jurisprudence from other jurisdictions.[9] With all due respect to our brothers in the First Circuit, we respectfully disagree that "it is of no moment if a plaintiff is not a consumer or business competitor of defendant." In agreement is the Fourth Circuit, which has recently reiterated that Louisiana Unfair Trade Practices Act applies to competitors or consumers.[10] The statute is penal in nature and subject to reasonably strict construction.[11] To give the statute the expansive interpretation suggested by the Carraras is a broad, rather than narrow, construction. Under these statutes, Dr. Levine, its direct consumer, may exercise an action against the bank with regard to transactions between them. The Carraras were neither owners of the property, nor obligors to the bank. We find that the transferees of a bond for deed are not among the protected persons under the circumstances presented here. They thus have no right of action under the Louisiana Unfair Trade Practices Act.
Damages for wrongful seizure are allowed after an illegal seizure. This award can include damages in compensation for embarrassment, humiliation, mental anguish and worry.[12] The duty/risk analysis in Louisiana law requires that the plaintiff further shows that the wrongful seizure was caused by the fault of one who owed a duty to the plaintiff, and that there was a breach of this duty.[13]
*1194 There may be circumstances whereby a person is entitled to recovery for economic harm he has suffered as a result of injury to third parties.[14] However, the circumstances of the case must fully comport with the duty-risk analysis.[15] In the instant case, we see no duty owed by the bank to the Carrara's, with whom it had no legal relationship. Damages for illegal seizure cannot belong to the Carraras, who did not own the property seized. As FNBC points out, although they were notified of the impending proceedings, the Carraras were never a party to the foreclosure, did not seek injunctive relief, were never evicted, dislocated, nor dispossessed. Any damages to the Carraras caused by a negligent injury to Dr. Levine is not within the scope of protection intended by the imposition of a duty not to wrongfully seize property.
Under La. C.C.P. art. 2298, the court may award damages to the judgment debtor or third party claiming ownership of the seized property, if the court finds the seizure to be wrongful. The Carraras are not the judgment debtor nor do they claim ownership in these proceedings. Only the defendant in an executory proceeding has the right to injunctive relief,[16] and only the defendant in such proceedings has the right to damages.
In summary, the Carraras have no right of action against FNBC for an illegal seizure. Accordingly, the judgment maintaining the exception is affirmed. Appellants are taxed all costs of appeal.
AFFIRMED.
NOTES
[1] Levine v. First Nat. Bank of Commerce, 98-1069 (La.App. 5 Cir. 6/1/99), 738 So.2d 133, 134.
[2] Levine v. First National Bank of Commerce, #02-C-0312.
[3] Pitre v. Dufrene 98-570 (La.App. 5 Cir. 12/29/98), 726 So.2d 81, 83
[4] Pitre v. Dufrene, supra.
[5] Id.
[6] Key West End, Inc. v. Werner 01-861 (La. App. 5 Cir. 12/12/01), 806 So.2d 710, 713.
[7] Citing Capitol House Preservation Co. v. Perryman Consultants, Inc., XXXX-XXXX (La.App. 1 Cir. 12/10/98), 725 So.2d 523
[8] National Gypsum Co. v. Ace Wholesale, Inc., 98-1196 (La.App. 5 Cir. 6/1/99), 738 So.2d 128, citing Gil v. Metal Service Corp., 412 So.2d 706 (La.App. 4 Cir.1982), writ denied 414 So.2d 379 (La.1982) and National Oil Service of La. v. Brown, 381 So.2d 1269 (La. App. 4th Cir.1980).
[9] Capitol House Preservation Co. v. Perryman Consultants, Inc., XXXX-XXXX (La.App. 1 Cir. 12/10/98), 725 So.2d 523 and the cases cited therein.
[10] Philips v. Berner XXXX-XXXX La.App. 4 Cir. 5/16/01, 789 So.2d 41, 49, writ denied XXXX-XXXX (La.9/28/01), 798 So.2d 119.
[11] National Gypsum, supra.
[12] Dixie Sav. and Loan Ass'n v. Pitre, 99-154 (La.App. 5th Cir.7/27/99), 751 So.2d 911, 921; writ denied, 99-2867 (La.12/10/99), 751 So.2d 855.
[13] Id.
[14] Cajun Concrete Services, Inc. v. Lemoine Co., Inc., XXXX-XXXX La.App. 1 Cir. 2/16/01, 791 So.2d 709, 712.
[15] Id.
[16] LSA-C.C.P. art. 2751; Zeta-Caiman v. Naik, 566 So.2d 1016, 1019 (La.App. 3 Cir. 1990); Bourn v. Bourn 94-1117 La.App. 4 Cir. 6/14/94, 639 So.2d 311