laBOL GOTHARD, Judge.
Plaintiff, The Sportsman’s Cove, Inc., (Sportsman’s) appeals a ruling of the trial court in favor of defendant, The Brunswick Corporation (Brunswick), which granted a defense motion of no right of action regarding plaintiffs Unfair Trade Practices Claim under LSA-R.S. 51:1401 et seq. The judgment denies other exceptions of no cause and no right of action filed by defendant, Sportsman’s, as well as those filed by remaining defendants, Travis Boating Center, Louisiana, Inc., (Travis) and Travis Boats & Motors, Inc. The trial court certified the judgment immediately appealable pursuant to LSA-C.C.P. art. 1915.
The petition contained in the record alleges that Sportsman’s is a marine dealer in the business of selling and servicing boats, motors and related marine products. Sportsman’s entered into an agreement with Brunswick to market Mercury marine outboard motors. The agreement was renewed annually for several years. The petition further alleges that in 1997, Brunswick approached Sportsman’s and offered incentive plans if Sportsman’s would shift its advertising and retail focus to promote Brunswick’s products over that of its competitors. The business relationship went sour when Sportsman’s discovered that Brunswick also entered into an agreement with Travis that provided a more lucrative incentive package. Sportsman’s filed this action against Brunswick and Travis, asserting |¡¡several causes of action, including restraint of trade, attempted monopolization and discriminatory pricing. In a supplemental and amending petition, Sportsman’s asserted a cause of action pursuant to the Louisiana Unfair Trade Practices and Consumer Protection Law (LUTPCPL) embodied in to LSA-R.S. 51:1405 et seq.
Brunswick filed peremptory exceptions of no right/no cause of action to all claims. Subsequently, the other two defendants also filed similar exceptions. After a hearing on the matter, the trial court granted the exception of no right of action pursuant to the unfair trade practices allegation as it relates to Brunswick, but denied the other exceptions. Plaintiff appeals the grant of the exception of no right of action to the unfair trade practices claim against Brunswick.
Before us now is the question of whether plaintiff has standing to assert a claim under the Louisiana Unfair Trade Practices and Consumer Protection Law embodied in to LSA-R.S. 51:1405 et seq. The trial court, following National Gypsum Co. v. Ace Wholesale, 98-1196 (La.App. 5 Cir. 6/1/99), 738 So.2d 128, found that plaintiff did not have a right of action under the LUTPCPL, and granted defendant’s exception of no right of action.
This Court in National Gypsum, held that the personal right of action under the LUTPCPL is restricted to direct consumers or business competitors. National Gypsum, a case that is directly on point, concerned the complaint of a business against its distributor. Plaintiff admits it is not a direct consumer or a business competitor. Plaintiff also acknowledges that under National Gypsum it would not have a right of action. Plaintiff urges this court to overrule National Gypsum and declare a private right of action for all under the statute. Plaintiff argues that the wording of the statute should not be interpreted to restrict the right to sue for unfair trade practices as it was in National Gypsum. We have reviewed National Gypsum and the reasoning therein and find that it was correctly decided. Consequently, we reaffirm the holding and refuse to overrule it.
*1233 |4We find that the plaintiff in the mstant suit is neither a direct consumer nor a business competitor of Brunswick and does not have a right of action under the LUTPCPL for reasons detailed in National Gypsum Co. v. ACE Wholesale, Inc. supra. Accordingly, we affirm the trial court’s judgment and remand the matter to the trial court for further proceedings.

AFFIRMED AND REMANDED.