JOHNSON, J.,
dissents with reasons.
hi, respectfully, dissent from the majority’s affirmance of the trial court’s granting of the exception of no cause of action.
In an exception of no cause of action, the legal sufficiency of the petition is tested. Pitre v. Dufrene, 98-570, p. 4 (La.App. 5 Cir. 12/29/98); 726 So.2d 81, 83. All facts pleaded in the petition are accepted as true without any reference to extraneous evidence. Schell v. NK Enterprises, Inc., 96-362, p. 4 (La.App. 5 Cir. 1/15/97); 688 So.2d 68, 70. In this exception, the question to be answered is “whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief.” Pitre v. Dufrene, supra, quoting City ofNeio Orleans v. Board of Commissioners of Orleans Levee District, 93-069 (La.7/5/94); 640 So.2d 237.
After de novo review, I find that the petition filed by Mr. DiLeo to annul the Consent Judgment sufficiently states a cause of action upon which relief can be granted. The petition alleges that there is a vice of consent to the Consent Judgment based upon fraud and ill practices by specifically stating the eighteen (18) fraudulent statements and/or ill practices, and he prays that the Consent Judgment be annulled, among other things. After accepting every allegation as true, the petition meets the requirements set forth to overrule the exception of no cause of action.
|2In my view, the purpose of this appeal is to determine whether the petition, on its face, was sufficient to state a cause of action, not to consider whether Mr. DiLeo would prevail in his action. The consideration of the allegations of Mr. DiLeo’s knowledge at the time he signed the Consent Judgment falls within deciding the merits of the case, which should be considered at trial.
Accordingly, I would find that the trial court erred in granting the exception of no cause of action and would reverse the ruling.