GAUDIN, Judge.
This is an appeal from a judgment of the 24th Judicial District Court dismissing claims filed by Samuel Katz. The trial judge (1) granted a motion for summary judgment dismissing one defendant, Herman J. Salzer, and (2) maintained an exception of no right of action, dismissing another defendant, Allen Samuels, Inc.
Also, the trial judge would not permit the filing of a petition of intervention on behalf of the Succession of Julius Katz.
For the following reasons, we set aside the motion for summary judgment and the' denial of the intervention. We affirm the maintaining of the exception of no right of action, but we remand to the district court for an order allowing the filing of a supplemental and amended petition within a designated time.
The original petition in this proceeding was filed on April 28,1977 by Samuel Katz, alleging breach of a contract to sell certain real estate in Shrewsbury Subdivision, Jefferson Parish. The agreement to buy was signed by Julius Katz, Samuel’s brother. Paragraph VIII of Samuel Katz’s pleading reads:
“By Act of Assignment, Freda Dorothy Silverman Katz, wife of Julius Katz and duly appointed executrix of the Succession of Julius Katz ... has assigned to Samuel Katz all rights held by Julius Katz under the Agreement to Purchase or Sell dated December 3, 1971.”
The petition asks for specific performance or, in the alternative, for return of the $6,000.00 deposit plus an equal sum as a penalty, and for attorney fees, etc. Among the five named defendants were Mr. Salzer and Allen Samuels, Inc.
*17 After various delays and following the filing of numerous pleadings by the different parties, Allen Samuels, Inc. filed an exception of no right of action on February 4, 1983, alleging that Samuel Katz was “... not a party to nor legally entitled to pursue the rights of the contract ...”
On November 14, 1983, Mr. Salzer, who had previously answered the petition, filed a motion for summary judgment, asserting in a sworn affidavit attached to the motion that Julius Katz, prior to his death on March 15, 1972, had not transferred or assigned to Samuel Katz any rights he had in the subject sales contract.
Subsequent to the filing of the exception by Allen Samuels, Inc. and the motion for summary judgment by Mr. Salzer, the Succession of Julius Katz, through its executrix, filed a petition of intervention. In this pleading, the executrix stated that Julius Katz had verbally assigned his contract rights to Samuel Katz, as was a common practice between them. Alternatively, the executrix said that the Succession of Julius Katz had assigned these rights to Samuel Katz. The trial court ordered the executrix to show cause why she should be permitted to file the intervention, and this hearing was scheduled for December 16, 1983, along with the exception of Allen Samuels, Inc. and Mr. Salzer’s motion for summary judgment.
On December 22, 1983, the trial judge maintained the exception, granted the motion for summary judgment and denied the succession executrix permission to file the intervention.
On appeal, Samuel Katz raises these issues:
(1) Whether evidence permitted in the motion for summary judgment filed by Mr. Salzer is also evidence under LSA-C.C.P. art. 931 for the purposes of the exception of no right of action filed by Allen Sam-uels, Inc.,
(2) Whether the trial judge should have allowed an amended petition after maintaining the exception,
(3) Whether summary judgment was appropriate and
(4) Whether the trial judge abused his discretion in refusing to allow the succession’s intervention.
Although the trial judge did not assign reasons for the December 22, 1983 judgment, he likely agreed with the allegations of the exception and the motion for summary judgment, i.e., Julius Katz had not assigned any contract rights to Samuel Katz prior to Julius’ death in March, 1972, and prior to the filing of the instant suit on April 28, 1977, or else he (the trial judge) felt that the assignment of an incorporeal right was defective if not in writing. Although the petition, in its final paragraph, does say that the executrix of Julius Katz’s succession has assigned sales contract rights to Samuel Katz, the petition does not say that Julius Katz’s interests had been assigned to Samuel Katz before Julius’ death. The petition does state that the property in question was to be sold .. to the purchaser represented by Julius Katz ...” and that “... Julius Katz and/or his authorized representative was and continues to be prepared to take title to said property.”
The petition likewise does not say that the executrix had court approval to assign any of Julius Katz’s rights to Samuel Katz, a requirement of LSA-C.C.P. art. 3261 if any succession property is to be sold. Here, there is no indication that Julius Katz actually sold (for a consideration) any incorporeal right he had regarding the Shrewsbury Subdivision real property.
In any event, we will hereinafter discuss, in order, the motion for summary judgment of Mr. Salzer, the exception of no right of action filed by Allen Samuels, Inc. and, finally, the intervention by the succession representative.
Attached to the motion for summary judgment is an affidavit executed by Mr. Salzer. The affidavit says:
“(1) At the time that the agreement of December 3, 1971 was signed by the late Julius Katz and affiant, Herman J. Sal-zer, Julius Katz held a certificate that *18 authorized him to practice law within the State of Louisiana; and he was so qualified until the date of his death on March 15, 1972.
“(2) At the time that Julius Katz entered into the agreement of December 3, 1971, there was pending before this Court Suit No: 118-467 that involved the title to the real estate that is the subject of the agreement of December 3, 1971 and the said suit was not terminated until May 1, 1972.
“(3) Prior to the death of Julius Katz on March 15, 1972, he did not transfer or assign to Samuel I. Katz the said agreement of December 3, 1971 or any rights or interest that he may have had therein.
“(4) Following the death of Julius Katz on March 15, 1972, there was no transfer or assignment, in writing, of the agreement of December 3, 1971 or of any rights under or interests in the said agreement, to Samuel I. Katz or otherwise.
“(5) The last contractual performance date under the agreement dated December 3, 1971, was February 15, 1972; and nothing was ever done by either the late Julius Katz or by Samuel I. Katz or by anyone on behalf of either to place Herman J. Salzer in default under the said agreement of December 3, 1971.
“(6) Samuel I. Katz never had a written agreement from Herman J. Salzer, defendant, to purchase the property that is covered by the agreement dated December 3, 1971.”
In opposition to this motion, Samuel Katz filed a counter affidavit. It states:
“That shortly after the purchase agreement of December 3, 1971 was entered into and accepted by JULIUS KATZ, plaintiff’s brother, that the said JULIUS KATZ did transfer and assign to him the said all rights under the said agreement; “That subsequent to the death of JULIUS KATZ in August of 1972, the assignment and transfer of the aforesaid purchase agreement was acknowledged by his widow and subsequently by his succession;
“That he did make multiple demands upon Defendant HERMAN J. SALZER or his agents for same to produce a clear and merchantable title so that an Act of Sale could occur and that it was not done as is evidenced by judicial proceedings then pending before this Court all of which made a written demand or a formal placing in default unnecessary and a vain and useless act;
“That Petitioner shows the Court that attached hereto and made part hereof is a formal acknowledgement of the assignment by JULIUS KATZ, which assignment and acknowledgement is marked hereto as Exhibit ‘A’;
“That Petitioner does further ask the Court to take judicial notice of the Petition of Intervention of the Succession of JULIUS KATZ into this matter solely for the purpose of it acknowledging that the assignment of the rights of JULIUS KATZ to the agreement of December 3, 1971 was in fact made;
“That no part of the $6,000.00 deposit paid to HERMAN J. SALZER has been refunded and that an equal sum has not been paid to Plaintiff as the assignee of the rights of JULIUS KATZ to the December 3, 1971 agreement, which money is due for the following reasons:
“(a) HERMAN SALZER promised to sell property to which he could not provide a clear and valid title for the reason that he did not own all of the ownership of the aforesaid property as is further shown in the judgment granted herein in this Court to Defendants, SARUESSEN and BENNETT, et al, said parties being co-owners of the property and having been dismissed as not having been party to the December 3, 1971 contract;
“(b) That at the time that the December 3, 1971 contract was entered into that HERMAN J. SALZER did fail to advise JULIUS KATZ or his assignee, SAMUEL I. KATZ of the suit pending to clear title on the property, being suit number 118-467 of this Court;
*19 “(c) That no commission is due any real estate agent, ALLENS SAMUEL, INC. and/or ERIC SNYDER, but that if any commission is due, said commission is due from HERMAN J. SALZER who entered into agreement to sell property he did not own entirely and knew he could not produce a clear title for the date set for the passing of the Act of Sale or any extension thereof.
We believe this counter affidavit creates an issue of material fact. It may well be, as Mr. Salzer argues, that any assignment from Julius to Samuel had to be in writing, but we are unaware of any such requirement. We are not saying that Samuel Katz has produced or can produce credible evidence showing an assignment before Julius died, but his assertion that Julius “did transfer and assign to him ... all rights under the said agreement ...” does establish an issue of material fact to be tried.
In Mr. Salzer’s brief, it is stated:
“The alleged assignment by Julius Katz to his brother, Samuel I. Katz ... was not made by Julius Katz to his brother, Samuel I Katz, unless a verbal assignment would have been valid.” (Underlining provided.)
We have not been provided with any authority indicating that such a transfer or assignment must be written or that a special form and/or words are necessary. In Producing Manager’s Company, Inc. v. Broadway Theater League of New Orleans, Inc., 288 So.2d 676 (La.App. 4th Cir.1974), the court, quoting LSA-C.C. art. 2642, said that no special forms or words are required to constitute a valid assignment, nor does the transfer have to be in writing.
Also, Samuel Katz’s counter affidavit says that “multiple demands” were made on Mr. Salzer to produce a clear title. Mr. Salzer’s position is that no demand was made on him and that he was never placed in default by Julius Katz, Samuel Katz or anyone else.
As trials are favored in this State and not summary judgment, the district judge, in consideration of Samuel Katz’s counter affidavit allegations, should not have granted summary judgment.
The exception of no right of action simply states:
“... that Samuel I. Katz is not a party to nor legally entitled to pursue the rights of the contract alleged to be entered into in the petition.”
If there is the possibility that Samuel Katz can remove the objection pleaded by this exception, he should be given the opportunity to file a supplemental and amending petition in accord with LSA-C.C.P. art. 934, to wit:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
Turning now to the intervention, we assume the trial judge dismissed this pleading in the wake of having granted the motion for summary judgment and maintaining the exception of no right of action. If Mr. Salzer and Allen Samuels, Inc. were excluded from this litigation, the intervention would have little substance and perhaps be of no assistance to the trial judge in resolving the issues presented.
If, on the other hand, Mr. Salzer and Allen Samuels, Inc. were retained as parties defendant, the assertions in the intervention could be of some value although they add nothing to what Samuel Katz had previously alleged. Regardless, a denial of the intervention seems premature.
Accordingly, we set aside the motion for summary judgment in Mr. Salzer’s favor; we affirm the granting of the exception of no right of action and we remand to the trial judge for issuance of an order giving plaintiff a specified number of days in which to file a supplemental and amended petition; and we set aside the dismissal of the intervention, pending further orders of the district court.
*20 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.