686 So.2d 1055 (1996)
Sherie CONRAD and Julien Pembo, Husband of Sherie Conrad
v.
SWISS CHALET PICNIC GROUNDS & CATERING SERVICE, Scottsdale Insurance Co., Barbard Tannenaum, The Roma Club, Inc. United States Fidelity & Guaranty Company.
No. 96-CA-606.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1996.
Writ Denied March 21, 1997.
*1056 Jerry W. Sullivan, Metairie, for Plaintiffs-Appellants.
Leonard A. Young, Scott A. Cannon, New Orleans, for Defendants-Appellees.
James S. Rees, III, Covington, for Defendants-Appellees.
Before DUFRESNE, CANNELLA and DALEY, JJ.
DUFRESNE, Judge.
This appeal had its beginning with a lawsuit filed by Sherie Conrad, wife of/and Julien Pembo ("Pembos") against Swiss Chalet Picnic Grounds and Catering Service, Scottsdale Insurance Company, Barbara Tannenbaum, Elliott Tannenbaum, the Roma Club, and U.S. Fidelity & Guaranty Company ("defendants") for bodily injuries having occurred to Sherie Pembo on or about July 31, 1988, at the Swiss Chalet Picnic Grounds in St. Tammany Parish. As a result of their personal injuries, the Pembos were forced to borrow funds from a number of sources in order to meet their minimum monthly living expenses. In the fall of 1990, the Pembos determined that it would be in their best interest to assign the litigious rights of their lawsuit to a third party in consideration of a cash payment and a guaranty of all obligations of the Pembos which were borrowed by them for living expenses during the recovery period of Sherie Pembo. Subsequently, on December 1, 1990, the Pembos executed an Assignment of Litigious Rights ("Assignment"), *1057 transferring their litigious rights to Geraldine Guarino ("Guarino"), in consideration of the payment of the sum of $5,000.00, together with the expressed assumption of certain liabilities set forth in the Assignment, which totalled $99,050.00 at the time of the assignment, plus interest until paid, and finally for the assumption of all other expenses relating to the litigation. The defendants argue that the assignment was done solely for the purpose of defrauding creditors in the Pembos bankruptcy, which at all times was denied by the Pembos as without merit, because they did not seek to file bankruptcy protection for a period in excess of 14 months following the execution of the assignment.
In a trial in the United States Bankruptcy Court on September 19, 1993, bankruptcy Judge, Jerry Brown, was required to determine whether the Assignment was allowable under Louisiana law, and whether sufficient consideration was given for said assignment. Following trial on the issue of assignability of the personal injury action, the bankruptcy court ordered that the personal injury lawsuit was an action before this Honorable Court, was the property of the bankruptcy estate, and, thus, subject to the administration of the United States Bankruptcy Trustee. The Judgment further found that a personal injury action could not be assigned as a matter of Louisiana law. The Judgment of the bankruptcy court was rendered on October 4, 1993, from which the Pembos filed an appeal to the United States District Court.
On appeal to the United States District Court for the Eastern District of Louisiana, the U.S. District Judge Adrian Duplantier held that:
"The Louisiana statute which authorizes a creditor to seize a plaintiff's interest in a pending personal injury suit, LSAR.S. 13:3864-68, and the Louisiana Civil Code Articles concerning redemption of litigious rights, La.C.C.Art. 2652-54, both by inference support the conclusion that an assignment of the plaintiff's interest in a personal injury action is valid. Implicit in the legislature sanctioning of both the seizure of pending suits and the redemption of litigious rights is the recognition that a pending suit constitutes a property right, which, like any other property right, may be the subject of an assignment. Significantly, neither LSA-R.S. 13:3864-68 nor Arts. 26:52-54 contain an exception for personal injury suits."
Following the reversal of the bankruptcy court's Judgment, the Trustee filed an appeal to the U.S. Court of Appeals for the Fifth Circuit. The Fifth Circuit ruled in July, 1994, that, as a matter of law, a personal injury action could be assigned in accordance with La.C.C. Art. 2652. No further appeal was taken from this Judgment, and defendants continue to defend the lawsuit.
Subsequently, the defendants filed their Motion for Redemption of Action pursuant to La.C.C. Art. 2652, et seq. In their motion, the defendants sought to redeem the action filed by the Pembos in the 24th Judicial District Court for the sum of $8,200.00, which sum allegedly represents the face value, with interest, of an assignment of litigious rights made by the Pembos. The trial judge in the 24th Judicial District Court granted the defendant's Motion to Redeem and that through the redemption released defendants from all legal liability arising from the accident which formed the basis of this litigation. From this Judgment, the Pembos filed this appeal.
The Pembos contend that the trial court erred in the following respects:
1. The trial court erred in finding that the attempt by the defendants to redeem the litigious rights assigned herein was untimely and barred by the principles of res judicata; and
2. The trial court erred in finding that the consideration paid by Guarino to the Pembos was merely $5,000.00, and did not encompass the true consideration given, including the assumption of indebtedness.
Interestingly, the defendants assert that this appeal can be resolved without reviewing the Pembos' argument, relative to their assignment of errors, with the determination of whether the Pembos have a right of action and standing to bring this appeal. Defendants argue that Sherie and Julien Pembo have no right of action nor standing *1058 to bring this appeal because they assigned their rights to this lawsuit to Guarino. Guarino has not appealed the district court's Judgment.
Defendants argue that an action can be brought only by a person having a real and actual interest which he asserts. LSA-C.C.P. Art. 681 and Louisiana Paddlewheels v. Louisiana Riverboat Gaming Comm., 646 So.2d 885 (La.1994). Furthermore, when the entire right has been assigned, the assignee (Guarino) not the assignor (Pembos) is the proper party. LSA-C.C.P. Art. 698 and Preferred Investment Corp. v. Denson, 251 So.2d 455 (La.App. 1st Cir.1971). An Exception of No Right of Action is an appropriate procedural pleading to raise the question of whether the Pembos have any interest in judicially enforcing a right. Greenbriar Nursing Home, Inc. v. Pilley, 637 So.2d 429 (La.1994); Byrd v. International Paper Co., 594 So.2d 961 (La. App. 3rd Cir.1992). The exception of no right of action is peremptory and can be brought at any time, including an appeal. Lambert v. Donald G. Lambert Constr. Co., 370 So.2d 1254 (La.1979). Defendants argue that Pembos having assigned their entire legal right to Guarino, have no right of action and thus, can not bring this appeal. Additionally, defendants argue that La.Code of Civil Proc. Art. 2086, gives a third party who was not a party to the lawsuit, but who could have intervened in the trial court, a right to appeal. However, they must have an interest in the outcome of the litigation which would be effected by the Judgment. A party who has no interest in changing the Judgment of the lower court can not exercise the right of appeal. Hoyle v. Schiro, 172 So.2d 759 (La.App. 4th Cir.1965). Defendants argue that the Pembos have no interest in the outcome of this litigation because they received $5,000.00 and assigned all rights to this lawsuit to Guarino. Defendants argue that the Pembos are no longer entitled to any of the proceeds that this lawsuit could have generated and could not be effected by any Judgment of the district court. Guarino, who purchased the rights to this lawsuit and who participated, through her attorney, in the redemption proceedings and has not appealed, the district court's Judgment is now final. We agree and find that the only party with an appealable claim is the assignee, Guarino, who is not before us on appeal. Although this appeal can be affirmed on a peremptory exception of no right of action, we feel it necessary to address the Pembos assignments of error. The Pembos urge this Court to apply res judicata to preclude redemption of this action because, "the value of the consideration given for the assignment has been determined in Bankruptcy Court...."; we disagree. The only issue raised and resolved by the U.S. Fifth Circuit was whether the assignment was valid under Louisiana law. The Fifth Circuit held that Louisiana law permits assignment of personal injury actions and held the assignment valid. The issue was strictly legal (whether personal actions are assignable under Louisiana law), not a factual one (whether the consideration paid in a particular case was sufficient). When a state court is called upon to determine the preclusive effect of a Judgment rendered by Federal Court exercising federal question jurisdiction, it is the federal law of res judicata that must be applied. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 666 So.2d 624 (La.1996). A bankruptcy Judgment bars a subsequent suit if all of the following tests are satisfied:
1. Both cases involve the same party;
2. The prior Judgment was rendered by a Court of competent jurisdiction;
3. The prior Judgment was a final Judgment on the merits; and
4. The same cause of action is at issue in both cases. Matter of Baudoin, 981 F.2d 736 (5th Cir.1993).
There is no dispute regarding either the jurisdiction of the Federal Court which rendered judgment regarding the validity of the assignment of a litigious right or the finality of that Judgment. However, it is obvious that the parties and the issues in the Bankruptcy Court were different than those in the 24th Judicial District Court. The Pembos and the Bankruptcy Trustee disputed the validity of the Assignment of the litigious right, not the defendants. The Pembos,. the Bankruptcy Trustee and Assignee, Guarino, were the only parties before the Bankruptcy *1059 Court to argue ownership of the personal injury lawsuit.
The issues are different. The Federal Court decided only whether the Assignment was valid. It did not decide that Guarino paid $104,050.00 for the Assignment. The 24th Judicial District Court from which this appeal was brought was the only Court to rule on how much consideration was paid. The Pembos contend that res judicata applies because the defendants never argued the issue on what consideration was paid in the Assignment before the Bankruptcy Court. However, the defendants had no standing to argue anything before the Bankruptcy Court as they were not parties to those proceedings.
The defendants' redemption was not untimely because they had to wait until the Bankruptcy Court decided who owned the right to the lawsuit; that is, whether the Assignment to Guarino was valid, before they could redeem the right. The parties to the bankruptcy matter resolved their differences in September, 1995, which was disclosed to defendants by letter of October 10, 1995, and the Motion to Deposit and Redeem was properly filed on October 13, 1995.
Although there is no time period set in the Louisiana Code of Civil Procedure governing litigious redemption, a debtor should promptly exercise the redemption. Martin Energy Co. v. Bourne, 598 So.2d 1160 (La.App. 1st Cir.1992). The Court in Martin, stated, "a person entitled to invoke litigious redemption may not fight the case on its merits until it is apparent that the case is lost and, at the last moment, exercise redemption."
This case did not significantly progress between the date the U.S. Fifth Circuit's decision holding the Assignment to Guarino legally valid and the filing of defendant's Motion to Redeem. Moreover, defendants had previously filed a Joint Notice of Intent to Redeem on October 27, 1993, in order to make all parties aware that defendants intended to exercise their right of litigious redemption when the issue of ownership was finally resolved. From the record, we do not find any significant filings of pleadings between the U.S. Fifth Circuit's opinion on July 28, 1994, and defendants' Motion to Deposit and Redeem filed on October 13, 1995. The record is void of any evidence revealing that defendants continued prosecution of this lawsuit and thus, did not waive their right to litigious redemption.
The Assignment of December 1, 1990, did not recite the dollar consideration paid or to be paid by Guarino, however, the record reflects that Guarino "bought the lawsuit" for $5,000.00. LSA-C.C. Art. 2652 prior to its revision, governed this case. It reads as follows:

ARTICLE 2652THE SALE OF LITIGIOUS RIGHTS
"He against whom a litigious right has been transferred, may get himself released by paying to the transferee the real price of the transfer together with the interest from its date."
The Pembos contend that, in addition to the $5,000.00 Guarino actually paid for the rights to the lawsuit some $99,050.00 in debt supposedly assumed by Guarino also constitutes consideration for the assignment. However, Guarino never paid the $99,050.00 referenced in the Assignment because, as the Assignment makes clear, payment of the debts comprising that sum was to be made only from the monies collected by way of settlement or satisfaction of Judgment. A clear reading of the Assignment reveals that the sale of the personal injury lawsuit was a sale of the rights of the lawsuit constituting a sale of the hope. LSA-C.C. Art. 2451. Guarino purchased the right in hope of receiving some gain. However, Guarino was never guaranteed any recovery. The Assignment simply gave Guarino all the rights in the lawsuit, liabilities, as well as the hopedfor profits.
Payments to the creditors by Guarino of the $99,050.00 was conditioned upon Guarino receiving sufficient monies to pay those creditors. Otherwise, the Assignment would simply have required Guarino to pay $104,050.00 ($5,000.00 plus $99,050.00) for the litigious right instead of $5,000.00 plus $99,050.00 ("to be paid first from any monies obtained *1060 through settlement ... or judgment...."). The $99,050.00 was never part of the actual, calculable sum paid for the right. Defendants are only liable to pay the real price paid for the Assignment plus interest to redeem the right.
After reviewing the record, we find the decision of the trial court to be without error.
For the reasons set forth above, the decision of the trial court is affirmed.
AFFIRMED.