FREDERICKA HOMBERG WICKER, Judge.
_|¿Caro Properties (A), LLC (“Caro”) filed this lawsuit against the City of Gret-na (“City”) alleging that the City unlawfully destroyed a building without notice in violation of La. R.S. 33:4762 and the 14th Amendment to the United States Constitution. In response, the City filed an exception of no cause of action alleging Caro had assigned its right to bring suit to Essex Insurance Company (“Essex”) and was therefore not a proper plaintiff to the suit. The exception was granted and Caro filed the instant appeal. For the foregoing reasons, we affirm.
The relevant facts appear not to be in dispute. Caro formerly owned an apartment building in the Oakvale subdivision of Gretna, Louisiana with a municipal address of 1601 LeBouef Street. The apartment complex was significantly damaged during Hurricane Katrina in August 2005, and at some point shortly thereafter it was demolished by the City. It is not clear from the record precisely when the demolition occurred, though Caro alleges that it occurred lnwithin a month of Hurricane Katrina’s landfall. Caro admitted that the damage to the complex was significant, but maintained that it was committed to repairing and rebuilding the property.
Caro eventually filed a claim for the damage with Essex, which was the primary insurer of the apartment complex. Caro alleged that the building was valued at approximately $5 million, though no evidence of the value of the building was inti’oduced into the record. Essex paid Caro $650,000, which represented the policy limit on the building. On March 1, 2006, In Suk Caro, in her capacity as principal of Caro, signed a document entitled “Subrogation Agreement and Assignment of Rights” (the “Agreement”). The *31 most relevant part of the Agreement states as follows:
In connection with the payment of the policy limits from the claim involving Hurricane Katrina on August 29, 2005, [Caro agrees] to assign any rights [it has] to recover from any responsible party including those responsible or at fault in connection with the demolition of the building, to and in favor of Essex Insurance Company.
The Agreement was also signed by Ronald Fornerette and Thomas Walker in his capacity as principal of Leontine Oliver Company, Inc. Both Fornerette and Leon-tine Oliver Company were named insureds on the Essex policy which provided coverage for the LeBouef Street building. No representative from Essex signed the Agreement.
Caro filed its petition on September 22, 2006 seeking compensation from the City for the allegedly unlawful demolition of the apartment building. In the petition, Caro alleged that the City had failed to meet notice and hearing requirements under both Louisiana statutory law and the United States Constitution. The City filed an answer on or about December 4, 2006, in which it denied the allegations and argued that Caro was solely responsible for the destruction of its property. On September 27, 2007 the City filed a Peremptory 14Exception of No Right of Action based upon the theory that by executing the Agreement, Caro had assigned its entire right to recover from the demolition of the property to Essex. The exception came on for hearing on October 29, 2007. At the hearing, Caro’s counsel argued that the exception was not well founded because Essex had re-assigned its right to bring suit back to Caro via a document dated October 26, 2007 and entitled “Assignment of Rights” (the “Second Agreement”). The trial judge disagreed, and granted the exception on November 6, 2007.
On appeal, Caro presents this Court with two distinct arguments in support of its contention that the trial .court erred in granting the City’s exception. First, Caro argues that by the Agreement it only assigned its right to sue the City for the $650,000 Essex paid under the insurance policy. Therefore, the argument follows, Caro did have the right to bring suit for the balance of its loss and the trial judge erred when he granted the exception. Alternatively, Caro argues that any rights that it purportedly assigned to Essex Insurance Company were not assignable under the Civil Code. Caro has not briefed its earlier contention that Essex made a valid re-assignment of rights via the Second Agreement and has therefore abandoned the argument. Rule 2-12.4, Uniform Rules, Courts of Appeal.
A proper analysis of an exception of no right of action requires a court to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the petition. Pitre v. Dufrene, 98-570, p. 4 (La.App. 5 Cir. 12/29/98), 726 So.2d 81, 83. The focus in an exception of no right of action is on whether the particular plaintiff has a right to bring the suit. See, e.g., Reese v. State, Dept. of Public Safety and Corrections, 03-1615, p. 2-3 (La.2/20/04), 866 So.2d 244, 246. When determining whether the exception should be sustained, a court must assume that the petition states a valid cause of action for some person and question whether the plaintiff in the particular case is a member |Bof the class that has a legal interest in the subject matter of the litigation. Id. The determination of whether a plaintiff has a right of action is a question of law, which we review de novo. See, e.g., Mississippi Land Co. v. S & A Properties II, Inc., 01- *32 1623, p. 3 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200, 1203.

Subrogation!Assignment of Right

Caro argues that the Agreement was a subrogation agreement rather than a full assignment of rights. Caro further contends that under the principles of sub-rogation it should be able to bring suit against the City and attempt to recover the balance of its loss.
Subrogation is the “substitution of one person to the right of another.” La. C.C. art. 1825. If the underlying obligation has been entirely satisfied, the rights of original obligee are extinguished in favor of the new obligee. La. C.C. art. 1826(A). However, an “original obligee who has been paid only in part may exercise his right for the balance of the debt in preference to the new obligee.” La. C.C. art. 1826(B).
Assignments of right are governed by Article 698 of the Louisiana Code of Civil Procedure. That provision states:
An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:
(1) The assignor and the assignee, when the assignment is partial; or
(2) The assignee, when the entire right is assigned.
La. C.C.P. art. 698
 A cause of action in tort is both an incorporeal movable thing and property that is owned under Louisiana law. See La. C.C. arts. 448, 461, and 473; Heyse v. Fidelity & Casualty Co. of New York, 255 La. 127, 229 So.2d 724, 726 (La.1969); Conrad v. Swiss Chalet Picnic Grounds & Catering Service, 96-606 (La.App. 5 Cir. _|_12/30/96), 686 So.2d 1055. No particular form or words are necessary to constitute a valid assignment. Katz v. Saruessen, 476 So.2d 16, 19 (La.App. 5 Cir.1985).
With these rules in mind, we conclude that the document was a full assignment of right and consequently that Caro’s argument has no merit. The fact that the title of the Agreement mentions the word “sub-rogation” is not dispositive as “the character of a document is determined by examining the entire writing” and not merely the writing’s title. See, e.g., Vogt v. Vogt, 02-0066 (La.App. 5 Cir. 10/29/02), 831 So.2d 428, 432 (quoting Smith v. McKeller, 93-1944 (La.App. 1 Cir. 6/24/94), 638 So.2d 1192). Rather, the contract must be interpreted in light of the common intent of the parties. La. C.C. art.2045. If the words of a contract are “clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent.” La. C.C. art.2046. Here, Caro clearly “assign[ed] any rights” it had “from any responsible party including those responsible or at fault in connection with the demolition of the building, to and in favor of Essex Insurance Company.” These words are explicit and lead to the conclusion that Caro assigned all of its rights to Essex when In Suk Caro signed the Agreement on its behalf.
Caros argument that an insurer and the insured are co-owners of the right to recover in subrogation arising out of insurance contracts is misplaced. That axiom of law applies only to subrogation agreements, which is not the case here. For example, in Barreen v. Cobb, 95-1651 (La.2/28/96), 668 So.2d 1129, a case cited by Caro, the court was required to interpret two seemingly incompatible clauses of an insurance contract. The court concluded that a subrogation agreement existed and that the insurer and an insured had an equal right to recover based on a clause that read “the Plan will be subrogated (substituted) to all the Member’s rights of | ^recovery.” Barreca, 668 So.2d at 1131. Similarly, in Southern Farm Bureau Cas. *33 Ins. Co. v. Sonnier, 406 So.2d 178 (La. 1981), the court found that a subrogation agreement existed and that both subrogor and subrogee had an equal right to recover when a clause in the insureds policy stated “11. Subrogation. Upon payment of any loss covered under this policy, the Company shall succeed to all the rights of recovery of the insured.” Sonnier, 406 So.2d at 180. In both Sonnier and Barreca, the clear and explicit language of the insurance policies warranted a finding that a subrogation agreement existed. The instant case is more akin to Falco Lime, Inc. v. Plaquemine Contracting Co., Inc., 95-1784 (La.App. 1 Cir. 4/4/96), 672 So.2d 856, where the court found that the assignee had fully assigned its rights to bring suit after signing a document transferring “any rights and actions” it had to the assignor. We therefore conclude that Caro fully assigned its rights to Essex Insurance Company on March 1, 2006.
The City also argued in its brief that Caro had judicially confessed that it had made a full assignment of rights in an earlier pleading. We see no need to consider the argument, as we have determined that the Agreement constitutes a full assignment of right on its face.

Non-Assignable Rights

In the alternative, Caro argues that the rights that it purportedly assigned to Essex were non-assignable under to La. C.C. art. 1826(B) because the right arose out of the intentional conduct and negligence of the City. Caro additionally avers that the right to file suit against the City was non-assignable because the right was strictly personal to it.
Article 1826(B) states:
An original obligee who has been paid only in part may exercise his right for the balance of the debt in preference to the new obligee. This right shall not be waived or altered if the original obligation arose from injuries | ¡^sustained or loss occasioned by the original obligee as a result of the negligence or intentional conduct of the original obligor.
La. C.C. art. 1826(B) (emphasis added)
All rights may be assigned, with the exception of those pertaining to obligations that are “strictly personal.” La. C.C. art. 2642. Strictly personal obligations on the part of an obligee are those for which “the performance is intended for the benefit of the obligee exclusively” La. C.C. art. 1766.
Both of Caro’s contentions fail. First, article 1826(B) applies only in the context of subrogation and subrogation agreements, not assignments of right. This is clear when article 1826(B) is read in conjunction with article 1826(A) and the comments to article 1826. The first portion of article 1826(A) reads “[w]hen subro-gation results from a person’s performance of the obligation of another, that obligation subsists in favor of the person who performed it.” La. C.C. art. 1826(A). See also id. at cmt. (e) (“[i]f the subrogee pays only a part of the obligor’s debt, the original obligee retains the right to be paid the balance by the obligor”). For the reasons described above, we have determined that the Agreement was a full assignment of Caro’s rights and not a partial subrogation agreement, making article 1826(B) wholly inapplicable to the instant appeal.
Second, Caro’s claims are not “strictly personal” to it and are therefore assignable. As aforementioned, La. C.C. art. 2642 provides that any right may be assigned except those pertaining to obligations that are strictly personal. It is well settled that most litigious rights can be assigned, transferred, or inherited and are therefore not strictly personal. See, e.g., Farrell Const. Co. v. Jefferson Parish, 693 F.Supp. 490 (E.D.La.1988) (RICO *34 claims assignable); Guidry v. Theriot, 377 So.2d 319, 324 (La.1979) (victim’s action for recovery of tort damages is not strictly personal). Moreover, Civil Code article 2652 on redemption of litigious frights clearly implies that litigious rights can be assigned. (“[w]hen a litigious right is assigned ...”). There are some rights of action that cannot be transferred through assignment or subrogation, but none of those rights apply in the instant case. See, e.g., Ducote v. Commercial Union Ins. Co., 616 So.2d 1366, 1369 (La.App. 3 Cir. 1993) (noting that a transfer of a personal injury right of action is “clearly prohibited by the law”). We find that Caro’s right was not strictly personal and therefore assignable under Louisiana law. Therefore, the trial court did not err in failing to determine that Caro’s rights were nonassignable.
Accordingly, for the reasons stated, the judgment sustaining the exception of no right of action is affirmed. Costs to be paid by appellant.
AFFIRMED.