SUSAN M. CHEHARDY, Chief Judge.
[2On appeal, the plaintiffs challenge the trial court’s ruling sustaining defendant’s exception of no right of action. For the following reasons, we reverse and remand for further proceedings.

Facts and Procedural History

On March 13, 2013, during the course and scope of his employment with River Parish Maintenance at Motiva Enterprises, LLC’s manufacturing complex, Michael J. Louque, Sr. was killed when equipment being loaded by a forklift rolled off of a *337 flatbed truck onto him.[1] On March 3, 2014, Audrey Louque individually, and on behalf of their minor daughter, Tracy Lou-que, and Michael J. Louque, Jr. (hereinafter collectively “the Louques”) filed suit seeking damages for the wrongful death of their husband and father. In their lawsuit, the Louques named as defendants: Daimler Trucks North America, LLC (the flatbed’s manufacturer); United Rentals-North America Inc. (the flatbed’s owner); Penske Truck Leasing Co., L.P. (the flatbed’s lessor); Toyota Motor Sales, USA (forklift manufacturer); Scott Equipment Sales (forklift distributor); H & E Equipment Sales, Inc. (forklift ^maintenance); and Motiva Enterprises, LLC (the owner of the forklift and the owner of the accident site).
Several defendants, including Motiva Enterprises, LLC (hereinafter “Motiva”) filed exceptions and several defendants answered, raising affirmative defenses. More specifically, Motiva filed an exception of no right of action, pursuant to La. C.C.P. art. 927. In its exception, Motiva asserts that Mr. Louque was its “statutory employee,” rendering Motiva immune from liability under the Louisiana Workers’ Compensation Act. The trial court sustained Motiva’s exception and dismissed the case against Motiva. It is from this final judgment that the Louques appeal.

Law and Argument

On appeal, the Louques raise three assignments of error: first, the trial court erred in granting the exception of no right of action because the Louques are within the class of beneficiaries entitled to pursue a cause of action for the wrongful death of Mr. Louque; second, the trial court erred in granting its exception because Motiva failed to produce sufficient evidence to establish its status as Mr. Louque’s “statutory employer;” and, finally, the trial court erred in failing to apply the choice of law provisions of the contract, which precludes granting the exception in this case.

Standard of Review

An exception of no right of action questions “whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged.” Pitre v. Dufrene, 98-570 (La.App. 5 Cir. 12/29/98), 726 So.2d 81, 83. Additionally, the introduction of evidence is permitted to support or controvert an exception of no right of action. La. C.C.P. art. 931. The determination of whether a plaintiff has a right of action is a question of law, which the appellate courts |4review de novo. Caro Properties (A), L.L.C. v. City of Gretna, 08-248 (La.App. 5 Cir. 12/16/08), 3 So.3d 29, 31. This Court, on de novo review, must determine whether the Lou-ques belong to the class of persons to whom the law grants the cause of action asserted in the petition. Caro Prop., supra.
The Louques argue that they can pursue a tort action against Motiva because Motiva is not entitled to statutory employer status in this case. Specifically, the Louques assert that Motiva failed to prove at the hearing that Mr. Louque was employed by River Parish Maintenance, Inc. and, more importantly, that Motiva was not a party to the “Procurement Agreement” between Shell Oil Products U.S. and River Parish Maintenance, Inc.
The determination of statutory employer status is a question of law for the court to decide.[2] Ramos v. Tulane Univ. *338 of La., 06-0487 (La.App. 4 Cir. 1/31/07), 951 So.2d 1267. Under the Louisiana Workers’ Compensation Act, La. R.S. 23:1032, an employee injured in an accident while in the course and scope of his employment is generally limited to the recovery of workers’ compensation benefits as his exclusive remedy against his employer and may not sue his employer, or any principal, in tort. See Deshotel v. Guichard Operating Company, Inc., 03-3511 (La.12/17/04), 916 So.2d 72, 76-79.
La. R.S. 23:1032 provides as follows:
A. (0(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to |Bsuch employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section, the word “principal” shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
The Louisiana Workers’ Compensation Act applies both to a direct employer/employee relationship as well as to a statutory employer/employee relationship. In its entirety, La. R.S. 23:1061, which codifies the “statutory employer” doctrine, reads:
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any “principal” as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the “contractor,” for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calcu *339 lated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal’s trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee’s immediate employer.
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor’s employees, whether they are direct employees or statutory employees, unless there is a written contract | between the principal and a contractor which is the employee’s immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor’s employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal’s goods, products, or services.
B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor. (Emphasis added).
In this case, the Louques argue that the trial court erred in finding that Motiva was entitled to statutory employer status under La. R.S. 23:1061(A)(3) because the contract at issue was between Shell and River Parish Maintenance.
Here, the “Procurement Agreement” between Shell Oil Products U.S. as Buyer, and River Parish Maintenance, Inc. as Contractor for “Miscellaneous NonSkilled Maintenance Services” was executed in 2008 then extended through written “alterations” until January 31, 2015. The contract was in existence on March 13, 2013, the date of the incident that caused Mr. Louque’s death. The “Procurement Agreement” contains, at Clause 27, the following Statutory Employer provision:
While Contractor [River Parish Maintenance, Inc.] and any of its employees, agents, or subcontractors are performing Services under this Purchase Contract in the State of Louisiana, such work in whole or in part is a part of the trade, business or occupation of Buyer [Shell] and is an integral part of and essential to the ability of Buyer to generate its goods, products and services. Buyer or any of its Subsidiaries or Affiliates involved in the Services performed hereunder in Louisiana shall be considered a statutory employer within the meaning set forth in La. [R.S.] 23:1061 of those employees, agents, and subcontractors of contractor performing Services hereunder in Louisiana and such employees, agents, and subcontractors shall be considered statutory employees as the meaning is set forth in La. [R.S.] 23:1061.
|7In the record before us, there is no listing of “Affiliates and Subsidiaries” in the “Procurement Agreement,” which was attached as an exhibit to Motiva’s exception of no right of action. The sole mention of Motiva in the Agreement is in *340 Attachment 1 to Part 3 of the document, which reads that “Miscellaneous nonskilled maintenance services will be provided to: Motiva Enterprises, LLC — Norco Refinery, ... And Shell Chemical LP — Nor-co....”
La. R.S. 23:1061(A)(3) limits statutory employer status to the principal listed in “a written contract between the principal and a contractor which is the employee’s immediate employer or statutory employer.” Cf. Johnson v. Motiva Enter., LLC, 13-305 (La.App. 5 Cir. 10/30/13), 128 So.3d 483, 488-92, writ denied, 13-2791 (La.2/14/14), 132 So.3d 966 (statutory employer is listed in the contract as “Buyer’s Affiliate”); St. Angelo v. United Scaffolding, Inc./X-Serv., Inc., 09-1420 (La.App. 4 Cir. 5/19/10), 40 So.3d 365, writ denied, 10-1412 (La.9/24/10), 45 So.3d 1082 (statutory employer provision executed by the procurement division on behalf of the refinery owner inured to the benefit of the refinery owner).
In this case, unlike other contracts of this ilk that have been reviewed by this Court,[3] Motiva is not listed as an affiliate, subsidiary, or buyer but rather as a location for services. Our de novo review reveals that Motiva failed to establish itself as Mr. Louque’s statutory employer and, thus, the trial judge erred in sustaining its exception of no right of action.[4] Accordingly, we reverse that ruling and remand the matter for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against Motiva Enterprises, LLC.

REVERSED AND REMANDED

. Mr. Louque and a co-worker were using a forklift to load 1-ton cylindrical pumps onto a flatbed truck.

. Assertion of “statutory employer” status under La. R.S. 23:1032 is an affirmative defense, which must be specifically pled in an answer and must be proven by the mover. La. C.C.P. *338 art. 1005; Watts v. Am. Optical Corp., 98-0455 (La.9/08/99), 740 So.2d 1262, 1267; Berry v. Holston Well Serv., Inc., 488 So.2d 934 (La.1986). "If a party has mistakenly designated an affirmative defense as a peremptory exception, ... and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.” La. C.C.P. Art. 1005.

. See Johnson v. Motiva Enter., LLC, supra.

. Because we are reversing on other grounds and remanding for further proceedings, we pretermit discussion of the Louques’ assignment of error regarding choice of law.