MANHATTAN PLACE, L.L.C.

VERSUS

RITA M. BORNE CPA, LLC

NO. 20-CA-155

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 797-814, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

December 02, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and John J. Molaison, Jr.

**REVERSED; REMANDED**

    **JJM**
    **JGG**
    **RAC**

COUNSEL FOR PLAINTIFF/APPELLANT,
MANHATTAN PLACE, L.L.C.
Joseph V. DiRosa, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
RITA M. BORNE CPA, LLC
Adrian F. LaPeyronnie, III
David Greenberg

**MOLAISON, J.**

Appellant, Manhattan Place, LLC, seeks review of the trial court's grant of a peremptory exception of no right of action in favor of the appellee, a former tenant and leaseholder in its building. For the reasons that follow, we reverse the trial court's judgment and remand for further proceedings.

**PROCEDURAL HISTORY**

On July 30, 2019, appellant, Manhattan Place, LLC ("Manhattan"), filed a petition for breach of lease and rent against appellee, Rita M. Borne CPA, L.L.C. (Borne), to recover an unpaid sum Manhattan claimed was due after Borne prematurely terminated a lease for office space in a building it owns.[1] On September 16, 2019, Borne filed a preliminary exception of no right of action against Manhattan, alleging Manhattan had no standing because it had assigned any rights to enforce the lease to Capital One, National Association ("Capital One"), which held a "Multiple Indebtedness Mortgage" on the building. A hearing on Borne's exception was held on October 21, 2019, and the trial court issued a judgment granting the exception on November 19, 2019. Manhattan sought a writ of review from the ruling, which this Court denied on the basis that the judgment was appealable. *Manhattan Palace* [sic], *LLC v. Rita M. Borne, CPA, LLC*, 19-608 (La. App. 5 Cir. 1/10/20) (unpublished writ disposition). In connection with the writ, we further ordered the trial court to construe the relator's notice of intent as a motion for appeal. The trial court's judgment was subsequently amended on February 19, 2020, to add decretal language, and, on March 3, 2020, Manhattan was granted a devolutive appeal.

---

[1] The address of the office building is listed as 2439 Manhattan Boulevard, Harvey, Louisiana, which is within Jefferson Parish.

On appeal, Manhattan asserts that the trial court erred in finding that its rights to collect lease payments were assigned to Capital One, rather than pledged, under the multiple indebtedness mortgage.

**LAW AND ANALYSIS**

Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts. La. C.C.P. art. 681. An exception of no right of action questions "whether the plaintiff belongs to the particular class to which the law grants a remedy for the particular harm alleged." *Pitre v. Dufrene*, 98-570 (La. App. 5 Cir. 12/29/98), 726 So.2d 81, 83. The introduction of evidence is permitted to support or controvert an exception of no right of action. La. C.C.P. art. 931. The determination of whether a plaintiff has a right of action is a question of law, which the appellate courts review *de novo*. *Caro Properties (A), L.L.C. v. City of Gretna*, 08-248 (La. App. 5 Cir. 12/16/08), 3 So.3d 29, 31.

*The multiple indebtedness mortgage*

At the October 21, 2019 hearing on the exception, Borne introduced into evidence a copy of the multiple indebtedness mortgage executed between Manhattan and Capital One on August 17, 2016, for which the building located at "2439 Manhattan Blvd, Harvey, LA 70058" served as collateral. Of particular relevance, the mortgage states that Manhattan "is and will continue to be the lawful owner of the property."[2] In the section titled "Collateral Assignment And Pledge Of Rights As Additional Security,"[3] the mortgage provides that as "additional collateral security for the prompt and punctual payment and satisfaction of any and all present and future Indebtedness," Manhattan "assigns, pledges, and grants

---

[2] Multiple Indebtedness Mortgage, pages 2-3.
[3] Multiple Indebtedness Mortgage, page 7.

Mortgagee a continuing security interest in and to … Leases, Rents and Profits" including Mortgagor's rights to enforce all present and future leases or subleases and to receive and enforce any rights that Mortgagor might have to collect rental and all other payments.  In the section of the mortgage titled "Additional Obligations Of Mortgagor With Regard To Collaterally Assigned And Pledged Rights"[4] it is stated that Manhattan "will at all times protect and preserve all of [its] Rights." In the section titled "Mortgagee's Right To Directly Collect And Receive Proceeds And Payments Before Or After Default,"[5] it is provided in relevant part that it is within the Mortgagee's sole discretion, to file suit, either in the Mortgagee's own name or in the name of the Mortgagor, to collect any and all proceeds and payments that may be due. Finally, in the section "Protection Of Mortgagee's Security Rights," it states that the "Mortgagor agrees to appear in and to defend all actions or proceedings purporting to affect Mortgagee's security interests in any of the Property and/or Rights subject to this Mortgage and any of the rights and powers granted Mortgagee hereunder."

*Interpretation of the mortgage*

A mortgage is an accessory contract made to provide security for the performance of a principal contract. La. C.C. art. 1913.  Interpretation of the language in the Mortgage requires us to determine the intent of the parties. La. C.C. art. 2045. The individual provisions of the Mortgage must be interpreted in light of each other such that each is given meaning as suggested by the document as a whole. La. C.C. art. 2050.

In the instant case, the multiple indebtedness mortgage executed between Manhattan and Capital One gives Capital One a continuing security interest in any leases directly on the property located at 2439 Manhattan Boulevard as part of a

---

[4] Multiple Indebtedness Mortgage, pages 7-8.
[5] Multiple Indebtedness Mortgage, page 10.

collateral assignment and pledge of rights.[6]  The question then becomes whether

the assignment of rights by Manhattan to Capital One contained in the mortgage

results in a waiver of Manhattan's authority to enforce its rights under the lease,

thereby transferring that authority solely to Capital One.  We find that it does not.

Under the terms of the mortgage, while Capital One has full authority to protect its

collateral security interest in any monies that may be due under a lease of the

building, the language is clear that whether or not it steps forward to protect that

interest is within its "sole discretion."  Conversely, as noted above, it is mandatory

under the terms of the mortgage that Manhattan protect and defend Capital One's

collateral security interest in the property.[7]

Borne argued below that the issue is governed by this Court's holding in

*Causeway Equip., Inc. v. Bell*, 90-583 (La. App. 5 Cir. 1/16/91), 579 So.2d 992,

*writ denied*, 586 So.2d 565 (La. 1991).  In that case, the owner of medical

equipment had assigned its right to the proceeds of a lease to a bank as collateral

for a loan.  After the assignment, the owner of the equipment and the equipment's

lessee entered into a novation, or attempted novation,[8] of the existing lease

agreement.  In that case, we held that the owner of the equipment "lacked the

capacity to dispose of the obligation of the second lease, having pledged the lease

---

[6] To that end, the leases appear to meet the Louisiana Supreme Court's definition of a pledge, which is "an accessory contract by which one debtor gives something to a creditor as security for the debt." *Diamond Servs. Corp. v. Benoit*, 00-0469 (La. 2/21/01), 780 So.2d 367, 371.

[7] This is in contrast to other cases in which the language of a contract made it clear that one party made a full and unequivocal surrender or assignment of rights. See, *Lomark, Inc. v. LavigneBaker Petroleum, L.L.C.*, 12-389 (La. App. 5 Cir. 2/21/13), 110 So.3d 1107, *writ denied*, 2013-0654 (La. 4/26/13), 112 So. 3d 848, "CapitalBP also cites *Caro Properties, supra*, wherein this Court held that an agreement between a building owner and its insurer, whereby the building owner assigned to the insurer 'any rights [it had] to pursue recovery from any responsible party including those responsible or at fault in connection with the demolition of the building,' was a full assignment of rights rather than a subrogation agreement." *Id*. at 1110–11.  See also, *Louisiana Farm Bureau Mut. Ins. Co. v. Thompson*, 98-0520 (La. 10/20/98), 719 So. 2d 427, 429-30, in which the Court determined that the following language constituted a full assignment of rights:
> "In consideration of and to the extent of said payment the undersigned assigns, the [sic] transfers and subrogates to the said Company all rights, claims, demands and interest which the undersigned may have against any third party through the occurrence of such loss and authorizes said company to sue, compromise or settle in the name of the undersigned or otherwise all such claims and to execute and sign releases and acquitances in the name of the undersigned.

[8] In that case, we defined the term "novation" under La. C.C. art. 1879 as the "extinguishment of an existing obligation by the substitution of a new one." *Id*. at 995

to Peoples Bank."[9] *Id.* at 996. The terms of that loan required all payments under the lease be made by the lessee directly to the bank, and also gave the bank the sole right to collect any sums due under the lease. Under those facts, we held that "a complete adjudication of the litigated matters cannot be had in the absence of Peoples Bank." *Id.* at 997. We find *Causeway* to be distinguishable. In the instant case, the terms of the mortgage do not place Capital One in the position of being the sole collector of amounts due under the lease. Also, Manhattan has not attempted to negatively affect Capital One's security interest in the leases. Further, as noted above, Manhattan did not contractually waive its own ability to enforce any rights it had under the lease.

*Conclusion*

After a *de novo* review of the record, including the specific language contained in the multiple indebtedness mortgage, we find that the trial court erred in finding that Manhattan did not have the standing to file the instant lawsuit and, accordingly, we reverse the trial court's ruling that granted Borne's peremptory exception of no right of action.

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed. The matter is remanded for further proceedings consistent with this opinion.

<u>**REVERSED; REMANDED**</u>

---

[9] The relevant language in that pledge agreement stated:

> CAUSEWAY EQUIPMENT, INC., does hereby authorize, direct and instruct DR. FAYE E. BELL, its successors and assigns to pay to the said Peoples Bank and Trust Company of St. Bernard, the amounts due and owing or to become due and owing, as aforesaid.

> AND NOW, the said CAUSEWAY EQUIPMENT, INC. does name, constitute and appoint Peoples Bank & Trust Company of St. Bernard, as their true and lawful attorney, irrevocably and with full power of substitution, for the sole use and benefit of said Peoples Bank and Trust Company of St. Bernard, to ask, demand, sue for, collect, receive, compound and give acquittance for the said monies due or to become due by the said DR. FAYE E. BELL, as aforesaid.

*Causeway Equip., Inc. v. Bell* at 996-97.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 2, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_CURTIS B. PURSELL_
CURTIS B. PURSELL
CLERK OF COURT

## 20-CA-155

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
JOSEPH V. DIROSA, JR. (APPELLANT)          ADRIAN F. LAPEYRONNIE, III (APPELLEE)          DAVID GREENBERG (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED